UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ALBERTO COLATO GONZALEZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No.: 3:26-cv-5541-CAB-SBC<br><br>**ORDER GRANTING A WRIT OF HABEAS CORPUS** |

Pending before the Court is Petitioner Mario Alberto Colato Gonzalez's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] Petitioner is a native and citizen of El Salvador who presented himself at the border in June 2018, was detained for approximately ten days, and released on June 27, 2018. [Petition at 8.] On September 1, 2022, an immigration judge ordered Petitioner removed from the United States. [Petition at 10.] On August 12, 2026, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal of the order of removal. Petitioner has appealed the BIA's decision to the Ninth Circuit, which issued a temporary stay of removal until it decides Petitioner's pending motion to stay removal for the pendency of the appeal. [*See* No. 26-5416.] Petitioner was detained at a checkpoint on September 24, 2026 while driving to work. [Petition at 12.]

Respondents do not contest any of Petitioner's asserted facts. [Doc. No. 5.] Nor do Respondents allege that there has been a change of circumstances warranting Petitioner's detention.[1] Indeed, they "acknowledge[] that Petitioner was previously released from immigration custody on conditional parole issued under 8 U.S.C. § 1226(a)." [*Id.* at 2.] Instead, Respondent argues that Petitioner is eligible for a bond hearing based on the Ninth Circuit's decision regarding whether unadmitted aliens are subject to mandatory detention under 8 U.S.C. § 1225 or discretionary detention under § 1226 in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026).

The Court does not agree that *Rodriguez Vazquez* decides the Petition because the *Rodriguez Vazquez* petitioners had been apprehended and detained by immigration authorities for the first time in the interior of the United States and the question was which statute governed their detention. Here, Petitioner presented himself at the border in 2018, was released on parole, and complied with the conditions of his release for years; he therefore should not have been recently re-detained absent some change in circumstances, such as a changed risk of flight, danger to the community, or status of his removal case.

The Court therefore **GRANTS** a writ of habeas corpus and **ORDERS** Respondent to immediately release Petitioner Mario Alberto Colato Gonzalez under the same conditions of release that existed immediately prior to his most recent re-detention.

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: October 15, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

[1] Petitioner notes that he was arrested on January 28, 2025 for alleged domestic violence but never convicted because his partner withdrew the allegation. [Petition at 10.] Respondents do not mention this arrest or argue it was the reason for his re-detention.